UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

PATRICIA E. GREEN,
              *Plaintiff-Appellant,*

v.

LOUIS CALDERA, United States
Secretary of the Army,
              *Defendant-Appellee.*

No. 00-2439

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-00-851-A)

Submitted: May 18, 2001

Decided: September 19, 2001

Before WILLIAMS, MICHAEL, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Norman L. Stack, Beatriz D. Stack, STACK & STACK, McLean,
Virginia, for Appellant. Helen Fahey, United States Attorney, Edward
J. Martin, Special Assistant United States Attorney, Alexandria, Vir-
ginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM

Patricia E. Green, a former civilian employee of the United States Army, appeals the district court's order granting summary judgment in favor of the Secretary of the Army in her action alleging she was sexually harassed, discriminated against on the basis of her gender, and subjected to a hostile work environment and retaliatory employment actions, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 2000). Based on our de novo review of the briefs and materials supplied in the joint appendix, *Food Lion, Inc. v. S.L. Nusbaum Ins. Agency, Inc.*, 202 F.3d 223, 227 (4th Cir. 2000), we affirm.

In her complaint, Green raised a direct constitutional challenge to what she described as sexual harassment in the form of unwanted attention from a command level officer in the fall of 1992. However, this avenue of redress is unavailable where the claim involves employment discrimination and the plaintiff is a civilian employee of the military, as federal employees are obliged to bring such claims under Title VII. *Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 197 (9th Cir. 1995) (applying *Brown v. General Services Administration*, 425 U.S. 820, 835 (1976)); *see also Jones v. American Postal Workers Union*, 192 F.3d 417, 428-29 (4th Cir. 1999). Accordingly, although the district court improperly analyzed this count of Green's complaint as a request for relief under Title VII, we nonetheless affirm its grant of summary judgment as to this count, albeit on different grounds.

Next, we conclude Green's allegations of gender discrimination were properly dismissed on the merits. In order to survive a summary judgment motion as to those claims, Green was obliged to demonstrate that her harassment was sufficiently severe or pervasive enough to alter the conditions of her employment and create an abusive work

environment. *See Hartsell v. Duplex Prods.*, 123 F.3d 766, 772 (4th Cir. 1997); *Spicer v. Virginia Dep't of Corr.*, 66 F.3d 705, 709-10 (4th Cir. 1995) (en banc). However, Green has failed to satisfy the objective analysis required of that element of her prima facie case, as the incidents of which she complains were of questionable severity, and were more offensive than physically threatening or humiliating. *See Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993). Accordingly, we find those claims were properly subject to summary judgment.

Green's retaliatory employment action claims were also properly subject to summary judgment, as Green again failed to demonstrate a required element of the prima facie case for those claims. In particular, Green failed to demonstrate a causal link between the actions of which she complained and her earlier recourse to the Army's Equal Employment Opportunity office for other unwanted conduct. *See Karpel v. INOVA Health Sys. Serv.*, 134 F.3d 1222, 1228 (4th Cir. 1998). Hence, we find these claims properly subject to summary judgment.

In light of Green's failure to make out a prima facie case as to any of her claims, we find the district court's decision to proceed with the Defendant's motion for summary judgment before all discovery could be completed was not an abuse of discretion. *See Beneficial Standard Life Ins. Co. v. Madariaga*, 851 F.2d 271, 277 (9th Cir. 1988) (standard of review). Because it was clear from the materials accompanying the pleadings of both parties that no genuine dispute existed as to a material aspect of any of Green's claims, the district court acted within its discretion in granting summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986).

Accordingly, we affirm the district court's order granting summary judgment in favor of the Defendant and dismissing Green's claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*